**John W. ENGLAND, Plaintiff,**

**v.**

**DEERE & COMPANY, a Delaware Corporation, Defendant.**

**Civ. A. No. P-1927.**

United States District Court
S. D. Illinois, N. D.

Oct. 30, 1964.

See also D.C., 221 F.Supp. 319.

Mason, Mason & Albright, Washington, D. C., for plaintiff.

Miller, Westervelt & Johnson, Peoria, Ill., Brown, Jackson, Boettcher & Dienner, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendant.

Paul C. Cation, Peoria, Ill., special master.

MERCER, Chief Judge.

Defendant, Deere, filed a motion requesting the court to vacate an order of the Special Master requiring defendant to file a statement of account, including an accounting for profits, and for directions to the Special Master as to further proceedings in the light of the decision in Aro Mfg. Co. Inc. v. Convertible Top Replacement Co., Inc., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457. The con-

tention made is that the court held in Aro that the profits of an infringer cannot be the measure of a patentee's damages under 35 U.S.C. § 284.

We dealt with this question at length in the memorandum opinion entered September 6, 1963, discussing, and quoting at some length from, the then recent controlling opinion in Zysset v. Popeil Bros., Inc., 7 Cir., 318 F.2d 701. We need not do more than refer to the discussion of that case contained in the previous memorandum, except to reiterate that the Zysset opinion supports our conclusion that an infringer's profits, if proved, may be relevant evidence bearing upon the question of damages for infringement.

Subsequently, on June 8, 1964, the Aro opinion was delivered. That opinion was a 5 to 4 decision, with Justices Harlan, Brennan, Stewart, White and Goldberg comprising the majority of the Court. In Section IV of the opinion there is an expression indicative that profits have no bearing upon the question of damages in a patent case, but it is clear that the views therein expressed are the views of a minority of the Justices. Footnote 18 points out, that, "This Part of the opinion expresses the views of Justices Brennan, Stewart, White, and Goldberg. Mr. Justice Harlan considers that the matters here dealt with are not ripe for decision and should be left for determination in the future course of this litigation." Mr. Justice Black wrote a dissenting opinion, in which the Chief Justice, and Justice Douglas and Clark joined.

Subsequent history of the Zysset decision has a significant bearing upon the effect to be given to Section IV of the Aro opinion. The Supreme Court denied certiorari on February 17, 1964, Popeil Bros., Inc. v. Zysset, 376 U.S. 913, 84 S.Ct. 658, 11 L.Ed.2d 610 and denied a petition for rehearing on March 23, 1964, 376 U.S. 959, 84 S.Ct. 965, 11 L.Ed.2d 978. After the Aro opinion was rendered, Popeil filed a motion for leave to file an additional petition for rehearing

predicated upon the ground that Aro stated a controlling rule of patent damage law with which the Court of Appeals opinion in Zysset conflicted. The Court rejected that argument as to a conflict between Zysset and Aro on October 12, 1964, by denying Popeil's motion to file a second petition for rehearing. Popeil Bros., Inc. v. Zysset, 85 S. Ct. 16.

So construing the Court's order as a rejection of the argument that the decisions conflict does not, I think, do injustice to the established principle that the denial of certiorari by the Supreme Court is to be construed as having no significance other than that the Court does not wish to review a particular case at the time when the same is presented. When the motion for leave to file a second petition for rehearing was presented, the damages question in the case was pending upon an order that Popeil account for its profits in the manufacture of the infringing device. The motion for a second rehearing clearly and expressly rested only upon the contention that that order, and that course of proceedings in a pending matter in litigation, was squarely in conflict with the Aro decision of the United States Supreme Court. Under those circumstances, there is justification for construing the October 12 Order in Zysset as a rejection by the Supreme Court of the argument that there was a conflict.

This Court's prior order is entirely consistent with the controlling principles pronounced by the Court of Appeals for the Seventh Circuit in the Zysset case. The Master's order requiring defendant to account for its profits is in conformity with that order of this court. Defendant's motion to vacate the Master's order and for further instructions to the Master will be and is denied. Oral argument of the motion can only further delay further proceedings herein, and defendant's request for oral argument is denied.